UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**F I L E D**

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-2  MARCUS BROWN,

    Defendant.
_____/

No. 11-20531

HON. VICTORIA A. ROBERTS

DEC - 7 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## COOPERATION AGREEMENT

Pursuant to paragraph 4 of the Rule 11 plea agreement entered into the parties this date, the parties agree as follows:

1.     <u>Cooperation.</u>  Defendant agrees to assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities, as specified below.

    A.     <u>Truthful Information and Testimony.</u>  Defendant will provide truthful and complete information concerning <u>all facts of this case known to him</u>.  Defendant will provide full debriefings as requested to the U.S. Attorney, and federal, state, and local law enforcement agencies.  Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the U.S. Attorney.  Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings.  Defendant agrees to be available for interviews in preparation of all testimony.  Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation.  Defendant understands that this obligation to provide cooperation continues after sentencing and that

failure to follow through constitutes a breach of this agreement.

        B.    <u>Nature of Cooperation.</u> The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement. Defendant will notify the U.S. Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

2.    <u>Government's Authority Regarding Substantial Assistance</u>

        A.    <u>Substantial Assistance Determination.</u> It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

B. <u>Use of Information Against Defendant.</u> In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against the defendant in determining defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

BARBARA MCQUADE
United States Attorney

_/s/ Kathryn McCarthy_
KATHRYN MCCARTHY
*Assistant United States Attorney*
*Chief, Special Prosecutions Unit*

_/s/ Robert Cares_
ROBERT CARES
*Assistant United States Attorney*

Date:

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_/s/ John Freeman_
JOHN FREEMAN
*Attorney for Defendant*
Date: 8/23/11

_/s/ Marcus Brown_
MARCUS BROWN
*Defendant*