UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,
     Plaintiff,

                              Case No. 11-20531-02
                              Hon. VICTORIA A. ROBERTS

       vs.

D-2  MARCUS BROWN
     Defendant.
_____/

### DEFENDANT'S COMBINED SENTENCING MEMORANDUM AND MOTION AND BRIEF IN SUPPORT OF A DOWNWARD DEPARTURE AND SENTENCING VARIANCE

From the outset of the government's overt investigation into the facts underlying this matter (the government first contacted Mr. Brown on approximately September 9, 2010), Marcus Brown admitted responsibility for his mistakes and was willing to accept the consequences.

From the outset, he also cooperated with the government in significant ways, which the undersigned intends to address in a separate sealed filing.[1]  For these reasons, and the remaining factors discussed below, including the proper sentencing guideline calculations and the factors set forth in 18 USC Section 3553(a), the defendant Marcus Brown, by and through the Law Office of John Freeman, PLLC, respectfully asks this Honorable Court for a downward sentencing guideline departure, and a sentencing variance, and a resulting sentence to a term of probation.

---

[1]  The undersigned expects that the government will file a motion for a downward sentencing departure based on U.S.S.G 5K1.1.

The Sentencing Guidelines

On September 27, 2011, Marcus Brown pled guilty pursuant to a Rule 11 plea agreement with the government, based upon a second superseding information charging Mr. Brown with Conspiracy to make a false claim, to make a false statement under the federal Clean Air Act, and to bribe a public official.  In the plea agreement, both the government and defendant agreed that the properly calculated guidelines are 18 to 24 months.  The plea agreement also specifically referenced a cooperation agreement between Mr. Brown and the government, dated August 23, 2011.

In February, 2012, the undersigned respectfully filed objections to the Probation Department's Sentencing Guideline calculations.  Specifically, defendant's objections took the position that his properly calculated guidelines were 12 to 18 months.  This was a mistake, based upon a review of an early rough draft of the plea agreement at the time objections were filed.  Upon closer review, the undersigned submits that the guidelines were properly calculated in the Rule 11 plea agreement and are 18 to 24 months.

Moreover, for the reasons set forth in the government's sentencing memorandum for co-defendant Terrance Parker, *See* document #48, Defendant Marcus Brown submits that the Probation Department inaccurately calculated the guidelines based on the monetary value assigned to the case.  In the government's Parker memo, the government stated:

> In this case, it is impossible to determine the "net value" of the illegal benefit that Parker and his co-conspirators would have received if the original contract would have been awarded to them. In such cases, § 2C1.1(b)(2) should be based on the bribe amount, in this case: $10,000.

See United States v. Muldoon, 931 F.2d 282, 289 (4th Cir. 1991).  "The net value of the improper benefit need only be estimated, and the bribe amount should be used only when the net value cannot be estimated." United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir.2006). Consequently, the guideline range for the bribery prong of the conspiracy should be 18. This includes a 2 level increase for the bribe amount, pursuant to §2C(1)(b)(2), as agreed upon by counsel in the plea agreement.

It could be argued that the $10,000 bribe from Parker to Morgan was a factor in Morgan's willingness to participate in the false change order scheme, which came into existence after Parker's company was unable to get the original contract for the demolition.  However, the $10,000 bribe in August of 2009 was not given in contemplation of the change order fraud, but in the awarding of the original contract. Even if the bribe had been a contributing factor in the change order,2 Parker should not receive an eight level enhancement under §2C1.1(b)(2). That would be impermissible double counting. See United States v. Vaughn, 198 F.3d 179 193 (6th Cir. 1999).

Downward Departure and Variance

Notwithstanding that the properly calculated guidelines are 18 to 24 months, for the reasons stated below Defendant Marcus Brown respectfully requests a downward sentencing departure and a variance that results in a sentence of probation.

**A. Defendant's Cooperation:**

The Defendant's cooperation alone is sufficient justification for sentencing him to probation.  Counsel intends to present additional information in this regard in a separate sealed filing.

## B.  The Nature and Circumstances of the Offense

As indicated in the Pre-Sentence Investigation Report, "the instant offense involves public corruption in the form of monetary bribery in order… to obtain a demolition contract that was ultimately [federally] funded….  The defendant was ***not*** a major contributor to the… bribe…."  Pre-Sentence Investigation Report (PSIR), at para. 92, emphasis added.  In fact, the defendant's minor role in the offense is conspicuously noted in the Rule 11 plea agreement as a two level downward adjustment pursuant to USSG 3B1.2, Minor Participant.

## C.  The History and Characteristics of the Defendant

Deep down, Marcus Brown is a good man.  He is a loving husband and father.  He lives with his wife and two children young children in Canton.  At the time of the Probation interview, Mr. Brown's children were aged 5 years (daughter) and 6 months (son).  The family home is "well-kept and an acceptable residence for community supervision."  PSIR at para. 57.

According to Probation, "the instant offense does not appear to be consistent with [Mr. Brown's] characteristics."  PSIR at para. 92.  Mr. Brown does not have a criminal history.  He is gainfully employed and on Monday, August 20, 2012, he will be transitioning to a permanent contract position with Toyota at their Prototype Tech Center in Ann Arbor.

Long-term, Mr. Brown anticipates obtaining a full-time employee position with Toyota.  Mr. Brown also seeks to become a business owner and start a non-emergency transportation company in under-served areas, which will allow the

elderly and infirm better transportation options to places like doctor's appointments and places of worship.

Mr. Brown is also active in his non-denominational church, which is generally located at Hubbell and Schoolcraft in Detroit.  He regularly serves as a musician during worship.  He is also involved in the church's youth ministry and community outreach.

Mr. Brown also continues to further his education.  He has regularly pursued his education at Baker College where he is currently one semester and internship away from an Associate's Degree in Human Services.  He is also currently enrolled in a Bachelor's Degree program in Human Services.  Mr. Brown intends to resume classes in the fall 2012 semester.

### D. To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense

Mr. Brown does not minimize the significant erosion of public confidence bribery of a public official causes in a democracy.  Moreover, the amount of money that could have been involved was money earmarked for the citizens of Royal Oak Township.

Nevertheless, the crime was not violent and Mr. Brown was a minor participant.  Moreover, even the Probation Department concludes at paragraph 93 of the PSIR that, "Any sentence involving a custodial term would be sufficient, ***but greater than necessary*** to promote respect for the law and provide just

punishment." Emphasis added. Thus, a non-custodial sentence is most appropriate.

### E.   Adequate Deterrence to Criminal Conduct

Mr. Brown has no criminal history. This, combined with his general characteristics, has led Probation to conclude that any sentence will act as a deterrent from further criminal conduct. Incarceration is not justified by this factor.

Moreover, Mr. Brown was a small player in the overall conspiracy. This is reflected in the Rule 11 agreement's guideline calculations. Had Mr. Brown not participated, the conspiracy would have continued among the co-defendants.

Mr. Brown has also materially assisted the government in the investigation and prosecution of his co-defendants in the instant case. The true deterrence in this case has and will come in this Court's sentences of the co-defendants.

### F.  Protection of the Public

The PSIR specifically states there are no factors identified in this section, para. 95.

### G.  Educational Training and Other Treatment

Mr. Brown is currently pursuing his college education. Incarceration would interrupt this process. Mr. Brown does not need treatment.

### H.  Types of Sentences Available

If sentenced to Probation, the PSIR indicates the term must be between one and five years.  Mr. Brown has been actively involved in this case longer than any other defendant – since September, 2010.  During that time, and before charges were filed, he was cooperating with the government under the watchful eye of the FBI, EPA, and U.S. Attorney's Office.  Since charges were filed, he has reported regularly to Pre-Trial Services and continued to meet regularly with Law Enforcement and Prosecutors.  To date, there have not been any negative issues with Mr. Brown in this regard.  In fact, the undersigned generally understands that the Agents and Mr. Brown have developed mutual respect for one another and that Mr. Brown is well thought of by the Agents.

When considering an appropriate sentence, the undersigned respectfully asks this Honorable Court to consider that for the past two years Mr. Brown has been living with the tangible consequences of, and has been taking responsibility for his poor choices and actions.

### I.  Avoid Unwarranted Sentencing Disparities

Co-Defendant Morgan, who was the principal bad actor in that he was the elected official lining his own pockets as a result of the conspiracy, received a three year prison sentence.

Co-Defendant Parker received a 21 month sentence.  His efforts at cooperation resulted in his stealing money from the government, for which he reportedly faces additional federal charges in Georgia.

Co-Defendant Covington has yet to be sentenced.

Based on the range of sentences already pronounced, Probation is justified for Mr. Parker.  He was a minor participant that accepted responsibility at the outset.  He also actively cooperated with the government as will be outlined in a separate filing.  And his life is decidedly headed in the right direction.

J.  Restitution is not a factor according to the PSIR.

WHEREFORE, for the reasons stated above, and in a separate sealed filing which will address Mr. Brown's cooperation with the government, the undersigned respectfully requests that this Honorable Court impose a sentence of Probation.  In doing so, the undersigned respectfully requests that the Court take into consideration the two years Mr. Brown has been supervised by Law Enforcement Agents and Pre-Trial Services during the time period leading up to sentencing.

Dated: August 17, 2012

s/ John Freeman

JOHN FREEMAN
Law Office of John Freeman, PLLC
3150 Livernois, Ste. 270
Troy, MI 48083
(248) 250-9950
formerfedlawyer@hotmail.com
